DÍAZ ET AL., DEMANDANTES Y APELANTES, *v.* BARCELÓ, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre cobro de dinero.

MOCIÓN del demandado y apelado sobre desestimación de apelación.

No. 1976.—Resuelto en abril 24, 1919.

APELACIÓN—PARTE AGRAVIADA POR LA SENTENCIA.—Según el artículo 294 del Código de Enjuiciamiento Civil cualquiera parte agraviada por una resolución judicial podrá apelar en los casos previstos en dicho código. De modo, pues, que para que pueda ser apelada una sentencia deberá agraviar a la parte que recurre de ella. Una parte no puede apelar de un fallo o decreto rendido totalmente en su favor. *Freire, Quintero y Nat. Surety Co.*, 23 D. P. R., 130; *Alcaide* v. *Morales*, 26 D. P. R. 238, y 2 R. C. L. 56.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Luis Llorens Torres.*

Abogado del apelado: *Sr. Manuel Benítez Flores.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Uno de los motivos que alega el apelado para que desestimemos el presente recurso de apelación es que ésta es frívola toda vez que la sentencia apelada no es adversa ni en forma alguna perjudicial a los apelantes porque se ajusta estrictamente a lo solicitado por ellos en su demanda.

Según la transcripción de los autos que tenemos ante nosotros para resolver el recurso de apelación interpuesto por los demandantes contra la sentencia que por la rebeldía del demandado registró el Secretario de la corte inferior en cumplimiento del No. 1°. del artículo 194 del Código de Enjuiciamiento Civil, en la demanda enmendada reclamaron los demandantes que el demandado les pagase la cantidad de quince mil dólares que les debía según un contrato de préstamo, más los intereses de esa cantidad desde el 12 de agosto de 1916 a razón del ocho por ciento anual y las costas del litigio; y la sentencia condenó al demandado a satisfacer a los demandantes la cantidad de quince mil dólares, los intereses desde el 12 de agosto de 1916 a razón del ocho por ciento anual y las costas del litigio.

Como se ve, hay perfecta congruencia entre la sentencia y las reclamaciones de los demandantes pues concedió a éstos exactamente todo lo que pidieron contra el demandado.

Según el artículo 294 del Código de Enjuiciamiento Civil cualquiera parte agraviada por una resolución judicial podrá apelar en los casos previstos en dicho código, de modo, pues, que para que pueda ser apelada una sentencia deberá agraviar a la parte que recurre de ella. Una parte no puede apelar de un fallo o decreto rendido totalmente en su favor. *Freire* v. *Quintero* y *Nat. Surety Co.*, 23 D. P. R. 130; *Alcaide* v. *Morales*, 26 D. P. R. 238 y 2 R. C. L. 56.

Puesto que la sentencia en este caso concedió a los demandantes todo cuanto ellos pidieron no vemos qué agravio puede causarles para que puedan apelar de ella y, por tanto, la apelación resulta completamente frívola.

No podemos suponer que los apelantes pretendan que la sentencia condene a cantidad distinta de la reclamada por ellos, ni tampoco en cuanto a los intereses y la fecha desde que deben pagarse porque concuerda con sus reclamaciones. Tampoco en cuanto a las costas porque en la misma forma que fueron pedidas aparecen en la sentencia. Ni podríamos nosotros por virtud de este recurso variar los pronunciamientos de la sentencia apelada para fijar honorarios de abogado porque siendo un deber ministerial del secretario en los casos de rebeldía registrar sentencia para el pago de la cantidad especificada en la citación, sustituída en este caso por la demanda enmendada notificada al demandado, con más las costas, cumplió con ese precepto registrando la sentencia de acuerdo con lo pedido.

Por las razones expuestas no solamente es improcedente la apelación interpuesta por los demandantes sino que además es frívola por lo que debemos desestimar el presente recurso.

> *Declarada con lugar la moción y desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.